[Cite as *State v. Phillips*, 2014-Ohio-3618.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-13-1278

      Appellee                                       Trial Court No. CR0201302300

v.

Dominique A. Phillips                           **DECISION AND JUDGMENT**

      Appellant                                      Decided:  August 22, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Clinton J. Wasserman, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} Appellant, Dominique Phillips, appeals the judgment of the Lucas County Court of Common Pleas, sentencing him to 14 months in prison following a jury's determination of guilt on one count of receiving stolen property.  We affirm.

## A. Facts and Procedural Background

{¶ 2} This matter stems from a traffic stop that occurred on July 4, 2013. On that date, Toledo police officers Reuben Jurva and Keith Hurst were on patrol when they observed appellant operating an off-road motorcycle at the intersection of Bancroft and Upton. Because the motorcycle was not street legal (i.e., it had no headlight, turn signals, taillight or license plate), a traffic stop was initiated. Rather than pulling over, appellant drove the motorcycle into a vacant garage at a nearby intersection, dismounted, dropped the motorcycle to the ground, and began walking away. The motorcycle's engine was still running when the officers approached the scene.

{¶ 3} After stopping appellant, the officers questioned him about the manner in which he acquired the motorcycle. At the same time, the officers checked the motorcycle's VIN number and determined that it had been reported stolen by its owner, Frank Stout. Appellant insisted that he had recently purchased the motorcycle, but was unable to provide details as to where he purchased it or who he purchased it from.

{¶ 4} Ultimately, appellant was arrested and, on August 2, 2013, he was indicted on one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree. He entered a plea of not guilty and a jury trial ensued. At the conclusion of the trial, appellant was found guilty and subsequently sentenced to a prison term of 14 months. Appellant's timely appeal followed.

2.

## B. Assignments of Error

**{¶ 5}** Appellant assigns the following errors for our review:

1. The State of Ohio failed to provide legally sufficient evidence to sustain a conviction for Receiving Stolen Property, violating Appellant's right to due process.

2. Appellant's convictions fell against the manifest weight of the evidence.

## II. Analysis

**{¶ 6}** In his first assignment of error, appellant argues that his conviction was not supported by sufficient evidence. In his second assignment of error, he argues that the conviction was against the manifest weight of the evidence. While sufficiency and manifest weight are distinct concepts, we will address them together.

**{¶ 7}** When evaluating whether the evidence was sufficient to sustain a conviction, we must determine whether the evidence admitted at trial, "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.E.2d 560 (1979); *see also State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). Therefore, "[t]he verdict will not be disturbed unless the appellate court

3.

finds that reasonable minds could not reach the conclusion reached by the trier-of-fact."
*State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997), citing *Jenks* at paragraph two of the syllabus.

{¶ 8} When reviewing a manifest weight claim,

> The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220.

{¶ 9} The crime of receiving stolen property is codified in R.C. 2913.51(A) as follows: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶ 10} Here, appellant argues that the state has failed to provide sufficient evidence that appellant knew or should have known that the motorcycle was stolen. We disagree.

{¶ 11} At trial, the state presented Officer Jurva's testimony that appellant, when confronted by the police, apparently attempted to abandon the motorcycle in a vacant

4.

garage. Moreover, appellant was unable to provide details as to how he acquired the motorcycle. Further, Officer Jurva testified that, upon inspection of the motorcycle, it was apparent that the ignition switch had been bypassed. He stated that a vehicle's ignition switch is usually bypassed in an effort to steal it. Construing this evidence in a light most favorable to the state, we find that reasonable minds could come to the conclusion that appellant knew or should have known that the motorcycle was stolen. Thus, appellant's sufficiency argument is without merit.

{¶ 12} Alternatively, appellant argues that his conviction is against the manifest weight of the evidence. However, appellant has failed to identify how the jury lost its way in resolving any conflicts in the evidence. Having reviewed the record, we find no such conflicts, especially in light of the fact that appellant presented no evidence in his defense. Ultimately, we find that this case is not the exceptional case in which the evidence weighs heavily against the conviction.

{¶ 13} In light of the foregoing, appellant's assignments of error are not well-taken.

### III. Conclusion

{¶ 14} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.              _____
                                           JUDGE

Arlene Singer, J.

Stephen A. Yarbrough, P.J.          _____
CONCUR.                                          JUDGE

_____
                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.